Exhibit A-1

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.

VIRGINIA MARIE SPENCER,

Defendant.

Criminal No. 21-0147-02 (CKK)

**MEMORANDUM OPINION AND ORDER**
(January 19, 2022)

Pending before this Court is Defendant Virginia Marie Spencer's [66] Motion to Correct Judgment Under Federal Rule of Criminal Procedure 35(a) and to Stay Entry of Judgment and Commitment Order ("Def.'s Mot."); and the Government's [67] Opposition to Defendant's Motion ("Govt. Opp'n").[1] On January 7, 2022, this Court sentenced Defendant Virginia Spencer ("Defendant") to ninety (90) days imprisonment, followed by thirty-six (36) months of probation, and a restitution payment of $500.00, following her plea of guilty on one count of Parading, Demonstrating or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G) (a class B misdemeanor). Defendant's Judgment has not yet been docketed. Defendant requests now that this Court amend its sentence to impose "a sentence of imprisonment, without a term of supervised release, or a period of "straight" probation, or a period of probation with a special condition of home confinement." Def.'s Mot., ECF No. 66, at 1. Because this Court did not

---

[1] In addition to the argument presented in Defendant's Motion and the Government's Opposition, and the exhibits attached thereto, this Court considered the record in this case. In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision. *See* LCrR 47(f).

# Exhibit A-2

impose a period of supervised release, the issue before this Court is whether the Court may impose a sentence of probation with a condition that includes a period of incarceration.[2]

Federal Rule of Civil Procedure 35(a) provides that: "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Civ. P. 35 (a). Defendant's instant Motion was filed within 14 days of sentencing. While the Government argues that "Rule 35(a) is not the appropriate vehicle for this challenge," and any challenge to the sentence should be "through an appeal," *see* Govt. Opp'n, ECF No. 67, at 2-3, this Court will consider Defendant's motion.

The Government, in its Memorandum in Aid of Sentencing, provided Defendant with notice as to its recommendation for a period of incarceration as part of a probationary sentence, and defense counsel did not address this issue prior to the sentencing. In fact, defense counsel "conceded the legal permissibility of a split sentence at the sentencing hearing." Govt. Opp'n, ECF No. 67, at 3; *see* Ex. 1 [Spencer sentencing transcript], ECF No. 67-1, at 2:4-12 (defense counsel acknowledging that "[t]he Court has the discretion, . . . , to impose a sentence involving incarceration and/or probation, . . ."). Defendant neither objected when the Government argued for that sentence nor when the Court imposed that sentence or asked if there were any objections. This "split sentence' issue has not been addressed in any written opinion in this District Court or by this Circuit. It is an issue of first impression.

The Government argued in its sentencing memorandum for a sentence of 90 days incarceration followed by 36 months of probation, relying on 18 U.S.C. § 3561(a)(3) as authority

---

[2] Accordingly, Defendant's argument that the Court is not authorized to impose a term of supervised release, *see* Def.'s Mot., ECF No. 66, at 2-3, need not be addressed because supervised release was not imposed in this case.

for a combined sentence of incarceration and probation. *See* Govt. Sentencing Memorandum, ECF No. 55, at 15-16. Defendant asserts that 18 U.S.C. § 3561(a)(3) does not authorize a sentence of both imprisonment and probation for one petty offense, and furthermore, the Government's interpretation of Section 3561(a)(3) - to permit both - conflicts with Section 3551(b). Section 3561(discussing a sentence of probation) states in relevant part that "(a) . . . [a] defendant who has been found guilty of an offense may be sentenced to a term of probation unless . . . (3) the defendant is sentenced at the same time to a term of imprisonment for the same or a different offense that is not a petty offense." 18 U.S.C. § 3561(a)(3). Section 3551(discussing authorized sentences) states that "(b) . . . [a]n individual found guilty of an offense shall be sentenced, in accordance with the provisions of section 3553, to - - - (1) a term of probation . . .; (2) a fine . . .; or (3) a term of imprisonment . . . " 18 U.S.C. §3551(b).[3] That statute provides also that a "sentence to pay a fine may be imposed in addition to any other sentence," *id.*, which contrasts with the fact that the two other types of sentences – imprisonment and probation – are mutually exclusive.

The Government concedes that 18 U.S.C. § 3551(b) indicates that a defendant "shall be sentenced" to a probationary term "or" a term of imprisonment. Govt. Opp'n, ECF No. 67, at 3. The Government acknowledges the same "general rule" in Section 3561(a)(3); *i.e.*, "'imposition of both probation and straight imprisonment' in the same sentencing hearing is not generally permitted" for a petty offense. *Id.* (citing *United States v. Forbes*, 172 F.3d 675, 676 (9th Cir. 1999)); *see also United States v. Harris*, 611 Fed. App'x 480, 481 (9th Cir. 2015) (time spent in

---

[3] Section 3553 discusses imposition of a sentence, including the factors to be considered by courts when imposing a sentence (subsection a); application of the guidelines (subsection b); the statement of reasons for imposing a sentence (subsection c); presentence procedures for notice (subsection d); statutory minimums (subsections e and f); and the definition of a violent offense (subsection g). 18 U.S.C. §3553.

3

pretrial detention is not imprisonment and thus, it did not cause defendant's sentence of five years of probation to "run afoul" of Section 3561(a)(3)'s prohibition against sentencing a defendant to both probation and imprisonment).

The Government argues however that Section 3551(a) notes that the sentencing provisions described there apply "[e]xcept as otherwise specifically provided," and Section 3561(a)(3) does provide "otherwise" insofar as it "recognizes a carveout for petty offenses." Govt. Opp'n, ECF No. 67, at 3-4. The Government concludes that "[t]hus, where a defendant *is* sentenced for a petty offense, that defendant may be sentenced to a period of continuous incarceration and a term of probation." Govt. Opp'n, ECF No. 67, at 4 (emphasis in original); *see United States v. Posley*, 351 Fed. App'x 807, 808-809 (4th Cir. 2009) (per curium) (unpublished) (where defendant was convicted of a petty offense and sentenced by the district court to two years of probation with the first six months in prison, the Fourth Circuit affirmed, recognizing that Section 3651(a)(3) "[u]nquestionably" provided statutory authority for such sentence for a petty-offense defendant). The Government asserts that the *Posley* decision is the "sole authority on this issue." Govt. Opp'n, ECF No. 67, at 6.

Defendant contends however that the *Posley* decision ignored Section 3551, and a "correct reading of the relevant statutes and the legislative history make it clear that a district court has a dichotomous choice: it can either sentence the defendant to imprisonment up to six months, or it can sentence the defendant to probation for up to five years." Def.'s Mot., ECF No. 66, at 3-4; *see United States v. Soderna*, 82 F.3d 1370, 1381 n.2 (7th Cir. 1996) (citations omitted) (noting that a petty offender may face a sentence of up to six months in prison or five years of probation). Furthermore, the unpublished *Posley* decision is "not binding precedent on this Court." Def.'s Mot., ECF No. 66, at 4. Nor has the decision been cited by any court according to a search

4

# Exhibit A-5

performed on Lexis. *Id.*

The "statute [Section 3551(b)] provides a choice among three alternative punishments." *United States v. Martin*, 363 F.3d 25, 35 (1st Cir. 2004). "If a court chooses to impose probation, it does so pursuant to the terms of § 3561 . . . [which] prohibits the imposition of probation when the defendant is sentenced at the same time to a term of imprisonment[.] [This] further emphasiz[es] the alternative nature of incarceration and probation in any one sentencing decision." *Id.* (internal quotation marks and emphasis omitted). Accordingly, a plain reading of the statutory sections at issue – 3551(b) and 3561– leads to the conclusion that a district court must choose between probation and imprisonment when imposing a sentence for a petty offense.[4] This Court is unpersuaded by the contrary holding in *Posley*, a case cited by the Government, as it neither considers Section 3551 nor is it binding precedent. Accordingly, it is this 19th day of January 2022,

ORDERED that Defendant's [66] Motion to Correct Judgment is GRANTED. Defendant Virginia Spencer's sentence shall be amended to serve a sentence of ninety (90) days

---

[4] Defendant asserts that Chief Judge Beryl Howell recently "considered" whether or not 18 U.S.C. § 3561(a)(3) authorizes sentences of both imprisonment and probation for a single petty offense in *United States v. Griffith*, Criminal No. 21-204-04-BAH, and *United States v. Torrens*, Criminal No. 21-204-02-BAH. Def.'s Mot., ECF No. 66, at 5-7. Although there was briefing on this "split sentence" issue in those cases, the Government is correct that "Chief Judge Howell made no finding or decision on the issue, as it was ultimately inapposite in those cases." Govt. Opp'n, ECF No. 67, at 5-6; *see* Ex. 2 [Torrens' sentencing transcript], ECF No. 67-2, at 44-45. Both defendants received a sentence of probation with a special condition of home confinement. In another case before Chief Judge Howell, defendant Glenn Wes Lee Croy – who entered a plea of guilty to one count of Parading, Demonstrating, or Picketing in a Capitol Building – was sentenced to a term of thirty-six (36) months of probation with a special condition that included residing in a residential reentry center for a term of 14 days, as authorized pursuant to 18 U.S.C. Section 3563 (b) (11) (discussing placement in a residential reentry program). *See United States v. Croy*, Criminal No. 21-162-01-BAH, 11/05/2021 Minute Entry. 18 U.S.C. Section 3563 (b)(10) (discussing intermittent confinement)  and (11) are not addressed in the instant case.

5

Exhibit A-6

incarceration, with no probation, and a restitution payment of $500.00. The Clerk's Office shall

issue a Judgment reflecting this amended sentence.

```
                            _____/s/_____
                            COLLEEN KOLLAR-KOTELLY
                            UNITED STATES DISTRICT JUDGE
```